T.C. Memo. 1996-374


UNITED STATES TAX COURT


WALGREEN CO. & SUBSIDIARIES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent*


Docket No. 6634-92.                    Filed August 13, 1996.


        P, engaged in the retail pharmacy and restaurant
business, made substantial improvements to certain leased
premises. The leasehold improvements constituted property
described in sec. 1250, I.R.C., which P seeks to depreciate
under asset depreciation range Class 57.0, Distributive
Trades and Services, prescribed in Rev. Proc. 83-35, 1983-1
C.B. 745, 762, and R seeks to include under Class 65.0,
Building Services, Rev. Proc. 72-10, 1972-1 C.B. 721, 730.
On the facts, <u>Held</u>: P's leasehold improvements allocated
between Building Services and Distributive Trades and
Services. <u>Walgreen Co. & Subs. v. Commissioner</u>, 68 F.3d
1006 (7th Cir. 1995), revg. and remanding 103 T.C. 582
(1994), applied.


───────────────────────
        *This opinion supplements our previously filed opinion in
<u>Walgreen Co. & Subs. v. Commissioner</u>, 103 T.C. 582 (1994), revd.
and remanded 68 F.3d 1006 (7th Cir. 1995).

David J. Duez, Lydia R.B. Kelley, and Gregory F. Jenner, for petitioner.

James S. Stanis, Patricia Pierce Davis, and James M. Cascino, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

NIMS, Judge:  In Walgreen Co. & Subs. v. Commissioner, 103 T.C. 582 (1994), revd. and remanded 68 F.3d 1006 (7th Cir. 1995), we held that section 5 of the Act of January 3, 1975 (1974 Act), Pub. L. 93-625, 88 Stat. 2112, removed all section 1250 property from the Asset Depreciation Range (ADR) classification system, until such time as the Treasury Department prescribed class lines explicitly containing section 1250 property, which had not been done as of the time the case was submitted.  Since the parties stipulated that all of the leasehold improvements in dispute constituted section 1250 property, we held, consistently with the foregoing holding, that the improvements had no ADR class life and that, consequently, section 168(c)(2)(D) designated them as 15-year real property, as opposed to 10-year recovery property.

Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

The U.S. Court of Appeals for the Seventh Circuit reversed and remanded this case for a further factual determination, described infra.  Walgreen Co. & Subs. v. Commissioner, 68 F.3d

1006 (7th Cir. 1995), revg. and remanding 103 T.C. 582 (1994).

In its opinion, the Court of Appeals quoted Rev. Proc. 77-3,

1977-1 C.B. 535, as directing that "'all classes of Rev. Proc.

72-10 * * * are hereby represcribed to include items of section

1250 property that were included prior to January 1, 1974 * * *

except for * * * Building Services and * * * Land Improvements.'"

Id. at 1008.  From this the Court of Appeals reasoned that

> if any items of section 1250 property, and specifically
> the leasehold improvements that Walgreen made in its
> drugstores and restaurants between 1980 and 1984, had
> been included in Wholesale and Retail Trade by Rev.
> Proc. 72-10, they continued to be included in it after
> the Treasury "represcribed" the classes of Rev. Proc.
> 72-10 (all but Building Services and Land Improvements)
> in 1977.
>
> The Asset Depreciation Range system was later
> replaced by the Accelerated Cost Recovery System, and
> it is the latter system that is applicable to the
> leasehold improvements in this case.  But it
> incorporates by reference the earlier classifications,
> with the result that if the leasehold improvements are
> classified in Wholesale and Retail Trade (now Class
> 57.0, but identical to the old Class 50.0, Hauptli v.
> Commissioner, 56 T.C.M. (CCH) 583, 586, 1988 WL 116965
> (T.C. 1988), revd. on other grounds, 902 F.2d 1505
> (10th Cir. 1990)), Walgreen can depreciate them over 10
> years.  Otherwise it must depreciate them over either
> 15 or 18 years, depending on the dates on which various
> improvements were made.  26 U.S.C. sections
> 168(c)(2)(C)(ii), (D), (g)(2) (1984).
>
> In summary, when in 1972 the Internal Revenue
> Service (in Rev. Proc. 72-10) repromulgated the class
> Wholesale and Retail Trade after "eligible property"
> had been expanded to include section 1250 property, the
> effect was to bring within the class all assets used in
> wholesale or retail trade except those classifiable
> under Building Services; and when five years later the
> Service repromulgated the Wholesale and Retail Trade

class intact, the section 1250 property used in that
trade was again included in the class except as it
might also fall under Building Services. * * * [Id. at
1008-1009.]

The Court of Appeals felt that the foregoing was the obvious
inference to be drawn from the history that Court had narrated.
We had denied petitioner's claim that, since certain of its
leasehold improvements did not constitute the structural shell of
a building or an integral part thereof (thus being classifiable
under Class 65.0, Building Service), they were classified in
asset depreciation range (ADR) 57.0, Distributive Trades and
Services (the successor to Class 50.0, see below).  We rejected
petitioner's claim on the ground that the Treasury Department had
failed to represcribe section 1250 property "explicitly".

The Court of Appeals stated:

We hold that Class 50.0 (now 57.0), Wholesale and
Retail Trade, includes all section 1250 property not
classified in Class 65.0, Building Services, and
therefore remand to the Tax Court for a determination
whether any of Walgreen's leasehold improvements are
section 1250 property not classified in Class 65.0, in
which event Walgreen is entitled to depreciate it, for
the taxable years in question, on the basis of a useful
life of 10 years.  [Walgreen Co. & Subs. v.
Commissioner, 68 F.3d at 1010.]

We now address that task.

The relevant part of Class 65.0, Building Services, reads as
follows:

Building Services:

Provision of the services of buildings, whether for use by others or for taxpayer's own account. Assets in the classes listed below include the structural shells of buildings and all integral parts thereof; equipment that services normal heating, plumbing, air conditioning, illumination, fire prevention, and power requirements; equipment for the movement of passengers and freight within the building; and any additions to buildings or their components, capitalized remodeling costs, and partitions both permanent and semipermanent. [Rev. Proc. 72-10, 1972-1 C.B. 721, 730; fn. ref. omitted.]

Class 50.0, Wholesale and Retail Trade, reads as follows:

Wholesale and retail trade:

Includes assets used in carrying out the activities of purchasing, assembling, storing, sorting, grading, and selling of goods at both the wholesale and retail level. Also includes assets used in such activities as the operation of restaurants, cafes, coin-operated dispensing machines, and in brokerage of scrap metal. [Id.]

Class 57.0, Distributive Trades and Services, which the Court of Appeals held is the successor to Class 50.0, now reads as follows:

Distributive Trades and Services:

Includes assets used in wholesale and retail trade, and personal and professional services. Includes section 1245 assets used in marketing petroleum and petroleum products. [Rev. Proc. 83-35, 1983-1 C.B. 745, 762.]

In the reply brief that petitioner filed in the previous proceeding before us, the items in dispute were identified as follows:

1.  Interior partitions, including primarily drywall partitions, but also including some glass partitions in Walgreen drugstores and metal partitions in washrooms, and including the carpentry, framing, millwork, metalwork, and trimwork necessary for installation, and also including doors;

2.  ceilings, including the acoustic ceiling system consisting of panels and grid, and also including some drywall ceilings;

3.  electrical lighting fixtures, including recessed and lay-in lighting, beyond emergency lighting, night lighting, and exit lighting, and the branch circuit systems and power system relating thereto;

4.  interior floor finishes, including carpet, vinyl or rubber tile, ceramic and quarry tile, and epoxy or sealers; and,

5.  decor finishes, primarily the decorative canopy system relating to the Wag's restaurants, including the concrete foundation, concrete piers, lumber, and signs attached thereto.

In its opinion, the Court of Appeals noted that the parties agree that any asset that might be included in both "Wholesale and Retail Trade" and "Building Services" would be classified in Building Services.  <u>Walgreen Co. & Subs. v. Commissioner</u>, 68 F.3d at 1008.  In complying with the Mandate of the Court of Appeals to fit a legal definition to the facts of this case, we find that, though items in categories 1 through 4, <u>supra</u>, might

arguably fall within Wholesale and Retail Trade (or Distributive Trades and Services), they more logically and comfortably fit within Building Services, and so must be included in that class. We reach this conclusion without resorting to an analysis of real property concepts of "fixtures", a legal analysis which might well require us to go beyond the parameters of our assigned fact finding task.  Instead, we compare the items in controversy with the descriptions contained in Rev. Proc. 72-10.  The items in categories 1 through 4, above, fall squarely within "equipment that services * * * illumination * * * and any additions to buildings or their components, capitalized remodeling costs, and partitions both permanent and semipermanent", and we so find. Rev. Proc. 72-10, supra at 730 (emphasis added).

On the other hand, all of the items referred to in category 5 can be described as "assets used in such activities as the operation of restaurants, cafes, * * *" and are not building components.  Id.  These items are largely decorative and not integral parts of any structural shell.  They therefore fall exclusively within Class 50.0, Wholesale and Retail Trade or, alternatively, Class 57.0, Distributive Trades and Services. Rev. Proc. 72-10, supra; Rev. Proc. 83-35, supra.

In petitioner's supplemental brief, filed in response to an Order of this Court following the reversal and remand of our prior Opinion, petitioner argues that a taxpayer providing

building services might utilize assets described in Class 65.0, and such assets would be properly classified in Class 65.0; but petitioner says it is not in the business of providing "building services". Petitioner argues that it was the recipient of building services, not the provider, and Class 65.0 by its express terms embraces only items used to provide "Building Services". Therefore, petitioner reasons that none of the property in question falls under Class 65.0.

Petitioner's provider-recipient argument raises an issue that was not addressed by the Court of Appeals, nor was it raised in the prior proceeding before this Court. Since this new issue is beyond the scope of the remand, it is inappropriate to address it now, and we do not do so.

To reflect the above findings,

Decision will be entered

under Rule 155.